# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ERIC LEE HOSKINS**                                                                                                        **PLAINTIFF**

**VERSUS**                                                                              **CAUSE NO.** 1:23CV61-SA-RP

**LEE COUNTY, MISSISSIPPI**                                                        **DEFENDANT**

                                                                                       **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages for violation of federal constitutional rights. The following facts support the action:

1.

Plaintiff ERIC LEE HOSKINS is an adult resident citizen of 114 Road 806, Tupelo, Mississippi 38804.

2.

Defendant LEE COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. It may be served with process upon its Chancery Clerk, Bill Benson, at 200 West Jefferson Street, Tupelo, Mississippi 38804, and by service upon Sheriff Jim Johnson, the official policymaker of the Lee County Sheriff's Department, at 510 North Commerce Street, Tupelo, Mississippi 38804. At all relevant times, Defendant acted through the official policy decisions of its Sheriff, Jim Johnson, and its Board of Supervisors.

00373836.WPD

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. This action is authorized by 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims. Plaintiff sues for violation of his Fourteenth Amendment due process rights, and his Fourth Amendment rights.

4.

In May 2022, Plaintiff, in conjunction with another person, Dale Griggs, did cleanup work for one Doris Fields, who hired Plaintiff and Griggs to clean up her neighborhood because of old junk cars that had belonged to her deceased husband. During the process of the clean up, Griggs stole a vehicle.

5.

Urged on primarily by her nephew, Chris McMillian, and by her daughter, name unknown, Fields decided to file criminal charges against both Plaintiff and Griggs. Fields signed an affidavit charging Plaintiff and Griggs with theft of the vehicle.

6.

Subsequently, the Lee County Sheriff's Department investigated the matter and determined that it was Griggs, not Plaintiff, who had stolen the vehicle. Nevertheless, the Sheriff's Department did not withdraw the warrant that had been obtained for the arrest of Plaintiff, based solely upon the affidavit of Fields or family members, claiming that Plaintiff had participated in the theft of the vehicle.

7.

On October 29, 2022, Plaintiff was a passenger in a vehicle which was stopped by the Tupelo Police Department. The Tupelo police officer discovered that Plaintiff had an outstanding warrant and transported Plaintiff to the Lee County Jail, where he was confined continuously from October 29, 2022 through November 1, 2022. During his entire time in the jail, from October 29, 2022 through November 1, 2022, Plaintiff was not taken before any judge for the setting of bail, nor to investigate the validity of the charges, which were based upon a warrant which should have been withdrawn.

8.

On November 1, 2022, a Lee County sheriff's deputy informed Plaintiff that he would be released on his recognizance, and that he should sign a waiver of any right to go before a judge since he was being released. Thereafter, Plaintiff was released from custody, having spent four (4) days in the Lee County Jail.

9.

While Plaintiff was in jail, as a matter of practice, the jailers passed out sleeping mats at 9:00 p.m., and retrieved the mats at 4:00 a.m., causing the lights to come on and for everyone to be awoken. Taking away the mats at 4:00 a.m. was inflicted for punishment, and not for any legitimate purpose of detaining pretrial detainees. It was not necessary to remove the mats at 4:00 a.m. and awake everyone at 4:00 a.m. This was done to punish, and not to assure Plaintiff's presence at trial.

10.

There was inadequate sleeping space in the jail. Approximately nine (9) to ten (10) pretrial detainees were detained in the cell. During the entire time Plaintiff was in the Lee County Jail, he

was not offered any exercise or to leave the holding cell area. Throughout the nights, drunk persons came into the jail, creating disturbances, making it impossible to sleep.

11.

Had Plaintiff been taken immediately before a judge, he would have been immediately released, since there was no reason to require financial bail, and since the alleged warrant should have been withdrawn since it had already been determined the previous May that Plaintiff was not guilty of the offense. Alternatively, if financial bail were required, it should have been set in a reasonable amount within the time period required by *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991), and by *ODonnell v. Harris Cty.*, 892 F.3d 147 (5th Cir. 2018).

12.

Even a forty-eight (48) hour time limitation for a bail hearing is excessive in Lee County where punishment is arbitrarily inflicted and where the conditions are so harsh as to be unconstitutional in violation of the Fourteenth Amendment.

13.

All of the harms to Plaintiff were the result of official policies of the Lee County Sheriff or the failure of the Lee County Sheriff to train officers to immediately take a person before a judge to determine whether there is a reason to confinement, to secure his release, and to set conditions of bail. Given the number of judges in Lee County, there is no reason a judge should not be immediately located and Plaintiff given an opportunity for immediate release.

14.

Plaintiff was confined under unconstitutional conditions. Specifically, Plaintiff was given a sleep mat only until 4:00 a.m. in the morning, when the lights were arbitrarily turned on as a

condition of punishment. Punishing pretrial detainees does not serve any legitimate government purpose. Further, the small jail cell where Plaintiff was imprisoned was populated with drunk persons. Conditions were also rendered unconstitutional by the fact that when Plaintiff banged on the door, trying to get the attention of the jailer in order to take him before a judge, the entire area was sprayed with pepper spray, causing unnecessary punishment and fear on the entire jail population. Further, the nine (9) to ten (10) persons held with no provisions for exercise and in such close proximity to each other, and in the midst of drunk inmates, renders the jail conditions unconstitutional, in violation of the Fourteenth Amendment substantive due process.

15.

Plaintiff has suffered mental anxiety and stress as a result of Defendant's actions.

16.

Plaintiff sues on the following grounds:

Count I:

Plaintiff was denied his constitutional right to be taken immediately before a judge in violation of the Fourth and Fourteenth Amendment to the United States Constitution.

Count II:

Plaintiff was confined in conditions which were so inhumane as to amount to a violation of substantive due process in violation of the Fourteenth Amendment to the United States Constitution.

**REQUEST FOR RELIEF**

Plaintiff requests actual damages in an amount to be determined by a jury and for reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 24th day of April, 2023.

                                                ERIC LEE HOSKINS, Plaintiff

By:   */s/ Jim Waide*
       Jim Waide, MS Bar No. 6857
       waide@waidelaw.com
       WAIDE & ASSOCIATES, P.A.
       332 North Spring Street
       Tupelo, MS 38804-3955
       Post Office Box 1357
       Tupelo, MS 38802-1357
       (662) 842-7324 / Telephone
       (662) 842-8056 / Facsimile

       ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named ERIC LEE HOSKINS, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

*ERIC LEE HOSKINS*
ERIC LEE HOSKINS

GIVEN under my hand and official seal of office on this the 30th day of March, 2023.

(SEAL)

NOTARY PUBLIC

My Commission Expires: _____